# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **LAMAR S. PANNELL,** | * |
| *Petitioner*, | * |
| v. | * Criminal No. RWT-10-0447 |
| | * Civil No. RWT-15-2852 |
| **UNITED STATES OF AMERICA,** | * |
| *Respondent*. | * |

## MEMORANDUM OPINION AND ORDER

Now pending before the Court is Petitioner's Motion for Post-Conviction Remedies Pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"). ECF No. 166. For the reasons discussed below, the Court preliminarily agrees with the Government that Petitioner's § 2255 Motion is time-barred and will grant Petitioner time to respond to the Government's timeliness argument.

### 1. Background

On June 29, 2010, Petitioner and a co-conspirator entered an M&T Bank brandishing firearms and wearing disguises. ECF No. 75-1. Petitioner placed his firearm on the bank counter, pointed the end of the barrel toward a bank teller, and demanded money. *Id.* Petitioner and his co-conspirator took approximately $13,560.00 from the bank and entered a waiting automobile driven by a third co-conspirator. *Id.* Later that same day, a law enforcement officer stopped the automobile for a traffic violation, during which Petitioner and his co-conspirators attempted to flee. *Id.* All three were subsequently caught and arrested. *Id.* Officers recovered the firearms, money, and disguises from the automobile. *Id.*

On June 27, 2011, Petitioner pleaded guilty to (1) one count of armed bank robbery in violation of 18 U.S.C. § 2113(a), (d), ("Count One"), and (2) one count of using, carrying, and

brandishing firearms during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) ("Count Two"). ECF No. 74; ECF No. 75 at 1. The United States Sentencing Guidelines ("U.S.S.G" or "Guidelines") applications set out in the Presentence Report ("PSR") recommended a sentence of 46–57 months for Count One and 84 months, the statutory minimum, for Count Two to run consecutively to Count One. PSR at 15. This recommendation corresponded to a total offense level of 21 and a criminal history category of III. PSR ¶¶ 27, 35. At sentencing on May 30, 2012, the Court adopted the PSR recommendations without change and sentenced Petitioner to 57 months as to Count One and a consecutive 84 months as to Count Two, for a total of 141 months imprisonment, five years supervised release, and a $200 assessment. ECF No. 146. Petitioner did not appeal the Court's judgment.

On September 21, 2015, Petitioner filed his *pro se* § 2255 Motion. On October 26, 2015, the Government filed its Response. ECF No. 169. On May 16, 2016, Petitioner filed a *pro se* Traverse, Motion for Stay, and Appointment of Counsel ("Traverse"). ECF No. 173 at 2. On September 25, 2017, this Court denied Petitioner's Traverse and allowed Petitioner sixty days to respond to the Government's Response. ECF No. 184. Petitioner did not file a response.

**2. Discussion**

Under 28 U.S.C. § 2255, a petitioner must prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a) (2012); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). If the § 2255 motion, along with the files and records of the

case, "conclusively show that [petitioner] is entitled to no relief," a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. § 2255(b).

In his § 2255 Motion, Petitioner asserts that his sentence was improperly enhanced based on a criminal history category determination of IV.[1] ECF No. 166 at 2. Petitioner argues that because none of his prior criminal offenses were related to the offense for which he was convicted, his criminal history category should be I, and he should accordingly be resentenced under the new category. *Id.* Petitioner, without explanation, cites to *Johnson v. United States*, 135 S. Ct. 2551 (2015) to support his argument. *Id.* The Government responds that Petitioner's § 2255 Motion should be denied as untimely because the newly recognized constitutional right in *Johnson* is inapplicable to Petitioner's case. ECF No. 169. For the following reasons, the Court preliminarily agrees with the Government that Petitioner's § 2255 Motion is untimely.

Claims under § 2255 are subject to a one-year statute of limitations, which begins to run from the date on which the judgment of conviction becomes final, unless one of the three exceptions applies as provided in § 2255(f)(2)–(4).[2] 28 U.S.C. § 2255(f). When a defendant does not file a direct appeal, the one-year limitations period begins to run when the district court enters judgment of conviction and the time to pursue an appeal lapses. *Gonzales v. United*

---

[1] In his § 2255 Motion, Petitioner states his criminal history category was determined to be IV, but both the Presentence Report and this Court determined his category to be III. PSR ¶ 35; ECF No. 155 at 6. Petitioner did not object to that determination at sentencing. ECF No. 155 at 6.

[2] 28 U.S.C. § 2255(f) states:
>    A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>    (1) the date on which the judgment of conviction becomes final;
>    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*States*, No. RWT-15-2501, 2016 WL 8652293, at *2 (D. Md. July 7, 2016) (citing *Whiteside v. United States*, 775 F.3d 180, 182–83 (4th Cir. 2014)). The Court entered its judgment on May 30, 2012, so Petitioner's sentence became final on June 13, 2012. Fed. R. App. P. 4(b)(1)(A)(i); ECF No. 146. For Petitioner's § 2255 Motion to be timely then, he must have filed his Motion on or before June 13, 2013. However, Petitioner did not file his § 2255 Motion until September 21, 2015, more than two years after the deadline.[3]

It appears Petitioner attempts to excuse the untimeliness of his § 2255 Motion under § 2255(f)(3) by invoking *Johnson*. *See* ECF No. 166. *Johnson*, though, is inapplicable to Petitioner's case for a number of reasons. First, in *Johnson*, the Supreme Court held that the residual clause of the "crime of violence" definition in the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. 135 S. Ct. at 2557. Petitioner, however, was not sentenced under the ACCA. Second, Petitioner's predicate crime of armed bank robbery is a crime of violence under the "force clause" of 18 U.S.C. § 924(c)(3), *not* the residual clause. *In re Hubbard*, 825 F.3d 225, 229 (4th Cir. 2016) (citing *United States v. McNeal*, 818 F.3d 141, 151-57 (4th Cir. 2016)). Third, even if Petitioner was sentenced under a residual clause in the Guidelines, any challenge under *Johnson* is foreclosed by the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886, 890 (2017), which held that the Guidelines are not subject to the void-for-vagueness doctrine.

Accordingly, Petitioner's § 2255 Motion is not excused under § 2255(f)(3). Because Petitioner makes no allegations that would excuse his untimeliness under either § 2255(f)(2) or (f)(4), the only way to save his § 2255 Motion is if equitable tolling applies. *See United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000). For equitable tolling to apply, a petitioner must

---

[3] Petitioner's § 2255 Motion would still have been filed after the limitations period even if the Court considered the filing date to be the date on which Petitioner mailed his § 2255 Motion, September 17, 2015. *See Houston v. Lack*, 487 U.S. 266 (1988) (finding that the "mail box rule" applies to § 2255 motions).

4

demonstrate (1) that he has been pursuing his rights diligently, and (2) extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The Court acknowledges that courts are expected to warn a petitioner that his case is subject to dismissal as time-barred and provide an opportunity to respond and demonstrate that equitable tolling is warranted. Given that expectation, the Court will order Petitioner to respond to the Government's timeliness argument before it makes its final decision regarding Petitioner's § 2255 Motion.

Accordingly, it is this 11th day of July, 2018, by the United States District Court for the District of Maryland, hereby

**ORDERED**, that Petitioner **SHALL RESPOND within 21 days of the date of this Order** to the Government's timeliness argument asserted in the Government's Response to Petitioner's Motion for Post-Conviction Remedies Pursuant to 28 U.S.C. § 2255 (ECF 169); and it is further

**ORDERED**, that the Clerk **SHALL PROVIDE** a copy of this Memorandum Opinion and Order to Petitioner.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE